ALVIN M. ROBERTSON, plaintiff in error, vs. SAMUEL GLENN, defendant in error.

A security who receives a note from his principal or a third person to be transferred to the creditor to whom he is bound, but who does not do it, but sues on the note himself, is not such a holder for value in the course of trade as to exclude a defence by that third person, which he might have set up against the payee; and that he held a conversation which the maker who agreed to give security on the note, does not estop him (the maker,) from setting up the defence.

Assumpsit, in Oglethorpe Superior Court. Tried before Judge THOMAS, at April Term, 1858.

This was an action brought by Samuel Glenn, (bearer,) against Alvin M. Robertson, on a promissory note of which the following is a copy, to-wit:

$852 52-100.            AUGUSTA, August 12th, 1853.

One day after date, I promise to pay to E. D. Robertson, or bearer, eight hundred and fifty-two 52-100 dollars, for value received.

       (Signed,)            ALVIN M. ROBERTSON.

The plaintiff introduced the note, and closed.

The following agreed statement of facts was submitted by the defendant:

E. D. Robertson owed Governor Gilmer a sum of money, for the payment of which Samuel Glenn was his security. Alvin Robertson some time prior to August, 1853, left his signature or blank note with E. D. Robertson. This blank note or signature was filled up and made the note sued on bearing date 12th August, 1855, payable one day after date, for $852 52-100, to E. D. Robertson or bearer. On the 31st August, 1853, E. D. Robertson enclosed this note to Samuel Glenn, saying that he presumed Governor Gilmer would take it, as it would be paid when his brother sold his crop. In the same letter, he stated that he had not quite as much funds in his hand as he wished to send checks for, and directed him to hold the note until he sent the check, which would be soon, and he would then have but one trouble to settle the matter. On the 2d day of September afterwards, he wrote Alvin M. Robertson, in which he said, as he was owing Governor Gilmer some money, and wished to pay him, he had filled up a blank note for the amount he was owing Robertson & Crocker, which is $852 52-100, and had sent it to Dr. Glenn for the purpose of handing it to Gilmer in part payment of what he was owing him. He said he presumed that Mr. Gilmer would give him all the indulgence he wanted, and hoped it would be satisfactory to all parties concerned; shortly after these letters were received, the plaintiff and defendant met in Lexington, and plaintiff, Dr. Glenn, told the defendant, A. M. Robertson, he must give security on the note or else Governor Gilmer would not accept it,

and if he would secure the note, it would answer him as cash, he being security on the note held by Governor Gilmer on E. D. Robertson.    A day was appointed for A. M. Robertson to give security, but the parties did not meet, and the security was not given.    The note was never offered to Governor Gilmer.

In the month of October, 1853, and a few months afterwards, A. M. Robertson sent to E. R. Robertson & Stovall thirty-two or thirty-three bales of cotton, on which he drew $400 leaving in their hands $800 or $1,000.    Robertson of this firm absconded in August or September, 1854, leaving his firm largely in default, and not having accounted with A. M. Robertson for his cotton, except the $400.    Samuel Glenn paid the note to Governor Gilmer on which he was security for E. D. Robertson, and instituted this suit on the note of $852 52-100 to October Term, of Oglethorpe Superior Court.

A. M. Robertson has sued Stovall for the amount due for the cotton.

In the Spring of 1853, A. M. Robertson, handed George F. Platt $400, which he carried to Augusta, and paid to Robertson & Crocker for A. M. Robertson.

The account of Robertson & Crocker was offered in evidence, showing no credit for the $400 paid by Platt.

The evidence having closed, the plaintiff's counsel argued to the jury, that the plaintiff's counsel was estopped by the conversation with Dr. Glenn, from setting up the mistake in the note, by reason of the credit of $400 proven by Platt, not being given in the account; whereupon, the counsel for the defendant requested the Court to charge the jury that the principle of law which estopped a party from denying a statement upon which another acted, did not apply to this case; because there was no pretence of deceit or of injury resulting from any action of the party subsequent to or consequent on the conversation.

The defendant requested the Court to charge the jury, that the principle of law which estopped a party from denying a statement upon which another had acted, did not apply to this case, because there was no pretence of deceit, or of injury resulting from any action of the party subsequent to, or consequent on the conversation: which charge the Court declined to give, and defendant excepted.

The Court charged the jury, that the defendant was estopped from setting up any defence against the note sued on in the hands of plaintiff, which he may have when said note was in the hands of E. D. Robertson, after having promised plaintiff to give security on said note, after it came into his (Glenn's) hands.

To which charge defendant excepted.

The jury found for the plaintiff the full amount of the note with interest and cost.

Defendant moved for a new trial on the ground, that the Court erred in charging and refusing to charge the jury, as above stated.

The presiding Judge overruled the motion for a new trial, and defendant excepted.

T. R. R. Cobb & W. G. Delonzy, for plaintiff in error.

L. Stephens, *contra.*

*By the Court.*—McDonald J. delivering the opinion.

The note sued on was sent to the plaintiff in the Court below for the purpose of being offered to Governor Gilmer, in part payment of a debt due to him by E. D. Robertson, the payee, and on which the plaintiff was his surety. The consideration of the note was a balance claimed to be due by the maker to the firm of Robertson & Crocker. The defendant sets up as a defence, a mistake of $400 in the balance

against him, by a failure to pass to his credit on the books of that firm, the sum aforesaid, which had been sent them by George F. Platt, and by him paid to them on account of defendant. The plaintiff was of opinion that Governor Gilmer would not receive the note without security, and he so told the defendant, and a time was appointed to give the security. But for some unexplained cause the parties did not meet at the appointed time.

We cannot perceive how the conversation between these parties can affect the interest of the defendant in this Court. The plaintiff in error said nothing to mislead him, by which he sustained any loss. He gave up no security in consequence, nor did he assume any greater responsibility. He was, in fact, acting as agent for Robertson, and but for the direction in Robertson's letter to him, to delay presenting the note to Governor Gilmer until he sent him a check, it would have been his duty to offer the note to him, and if he had refused to receive it, to have returned it to Robertson with that information. It is virtually the note of Robertson now, and any mistake in the amount for which Robertson filled the blank, or wrote the note over the signature may be corrected. The plaintiff no doubt conceived himself authorized, after E. D. Robertson absconded, to retain the note as collateral security; but if he was entitled to it as collateral security only, that gave him no right to exclude a defence by the maker, which he might set up against Robertson. He assumed Robertson's position in all respects. This is my opinion.

We think that the request in writing made of the Court by counsel of defendant ought to have been given in charge to the jury.

Judgment reversed.